IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD ALLEN YEAGER, #264071, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:18-CV-526-WKW [WO] |
| HENRY BUTCH BINFORD, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

In his *pro se* complaint, Plaintiff, a state inmate, alleges that his federal constitutional and statutory rights were violated when he was sentenced to a term of imprisonment upon revocation of his probation and denied placement in an alternative treatment program available for disabled veterans. Before the court is the Recommendation of the Magistrate Judge, who after screening under 28 U.S.C. § 1915(e)(2)(B), has recommended summary dismissal of Plaintiff's complaint on several grounds, including statute of limitations, the favorable-termination rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), and absolute judicial and prosecutorial immunity. (Doc. # 10.) Plaintiff has filed objections to the Recommendation. (Doc. # 13.) Based upon a *de novo* review of those portions of the Recommendation to which objection is made, 28 U.S.C. § 636(b)(1), the Recommendation is due to be adopted and Plaintiff's objections are due to be

overruled. Three of those objections are addressed in this order.[1]

First, Plaintiff argues that the Magistrate Judge erroneously found that the statute of limitations barred his claims arising from his request in March 2016 for a transfer of his criminal case to a veterans' treatment court. However, the formidable obstacle to Plaintiff's claims is not the statute of limitations, but rather *Heck*'s favorable-termination rule.

Under the rule the Supreme Court announced in *Heck*, when a plaintiff brings a 42 U.S.C. § 1983 suit for monetary damages that "would necessarily imply the invalidity of his conviction or sentence," the suit "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The purpose of the *Heck* rule is "to limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

A decade after its decision in *Heck*, the Supreme Court expanded *Heck*'s favorable-termination rule to any type of relief under § 1983 "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Lower courts, including the Eleventh Circuit, have extended the logic of *Heck* to other federal statutes, as well

---

[1] Objections not addressed lack merit and warrant no additional discussion.

2

as to civil rights suits against federal officers. *See Abella*, 63 F.3d at 1065 (holding that "the *Heck* rule applies to *Bivens* damages claims") (referring to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)); *Hines v. Wise*, No. CV 16-461-CG-N, 2016 WL 7743035, at *11 (S.D. Ala. Dec. 5, 2016) (applying *Heck*'s favorable-termination rule to claims under 42 U.S.C. §§ 1985 and 1986 "when the validity of the conviction or sentence is challenged"), *report and recommendation adopted*, No. CV 16-461-CG-N, 2017 WL 126130 (S.D. Ala. Jan. 11, 2017). And one district court has deduced that *Heck*'s reasoning precludes "a plaintiff's reliance on any other federal statute . . . if the sole injury for which plaintiff seeks redress is his conviction [or sentence]." *Robinson v. Ashcroft*, 357 F. Supp. 2d 142, 145 (D.D.C. 2004) (citing *Williams v. Hill*, 74 F.3d 1339 (D.C. Cir. 1996)).

The gravamen of Plaintiff's complaint is that his sentence of imprisonment on his probation revocation violates a panoply of federal laws because his case should have been transferred to veterans' treatment court, where he could have participated in a diversion program offering mental health treatment. He alleges that he made two requests for a case transfer — in March 2016 and again in November 2017 — and that those requests were denied. Plaintiff elaborates, for instance, that Circuit Judge Henry Binford improvidently rejected a recommendation from a Department of Veterans Affairs' employee that, in lieu of incarceration, Plaintiff "be placed in a specific mental health specialized program" (Doc. # 1, at 12), and that

3

Judge Binford conspired "to send [him] to a prison system," rather than for treatment in a "specialized program" offered by the Veterans Affairs. (Doc. # 1, at 10.)

Notwithstanding Plaintiff's attempt to rely on 42 U.S.C. §§ 1983, 1985(3) and other federal statutes, the logic of *Heck* and its progeny mandates dismissal because Plaintiff does not claim any injury apart from his sentence of incarceration. And the nature of the relief Plaintiff seeks for his injury — *e.g.*, money damages flowing from his allegedly wrongful incarceration and a "right to jurisdiction transfer of case for participation in" the veterans' treatment court (Doc. # 1, at 22) — would "necessarily imply the invalidity" of Plaintiff's probation-revocation sentence. *Heck*, 512 U.S. at 487.

The Magistrate Judge explained why *Heck*'s favorable-termination rule bars Plaintiff's claims that arose in November 2017. (Doc. # 10, at 13–16.) That analysis applies equally to Plaintiff's claims arising from the denial of his earlier request in March 2016 for a transfer of his case to veterans' treatment court. Plaintiff has not alleged or argued that his sentence has been invalidated as required to avoid *Heck*'s bar. Additionally, the decisions upon which Plaintiff relies are distinguishable because, in those cases, the plaintiffs' discrimination claims did not arise out of a criminal conviction and sentence. In other words, the *Heck* rule was not at issue. *See, e.g.*, *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 593–94 (1999) (addressing disability-discrimination claims brought by individuals who were voluntarily

4

confined for treatment in psychiatric units and were denied placement in community-based programs). Plaintiff will not be permitted to circumvent *Heck*'s bar by repackaging his § 1983 claims under other federal anti-discrimination statutes. Accordingly, Plaintiff's claims are barred by *Heck*'s favorable-termination rule.

Because *Heck* forecloses Plaintiff's claims, it is unnecessary to address the statute-of-limitations issue, either as argued by Plaintiff or as analyzed by the Magistrate Judge. That is because the statute of limitations on a claim that is subject to *Heck*'s bar does not start to run until the conviction or sentence is invalidated. *See Heck*, 512 U.S. at 489 (observing that a § 1983 cause of action does not accrue until the plaintiff can show that his conviction or sentence has been declared invalid).

Second, Plaintiff objects to the Magistrate Judge's conclusion that Judge Binford and District Attorney Douglas Valeska are immune from Plaintiff's claims for monetary damages. Plaintiff attempts to cast the actions of Judge Binford and Mr. Valeska that foreclosed his participation in veterans' treatment court or other alternative sentencing program as administrative decisions falling outside the scope of absolute judicial and prosecutorial immunity. It is true that neither judges nor prosecutors are entitled to absolute judicial or prosecutorial immunity for administrative acts. *See Forrester v. White*, 484 U.S. 219, 228 (1988) ("Administrative decisions, even though they may be essential to the very

functioning of the courts, have not . . . been regarded as judicial acts."); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("A prosecutor's administrative duties . . . that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."). That said, "[a] judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court," *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018), and when a judge sentences a defendant, he or she is engaged in a judicial act. *See id.* at 1331 ("ordering incarceration is a normal judicial function") (citation omitted). Also, "prosecutors have been held absolutely immune to carry out such advocacy actions as . . . making sentence recommendations." *Van De'r Vaa'rte Young v. Grensky*, No. 1:17-CV-01630-CL, 2017 WL 4896089, at *2 (D. Or. Oct. 30, 2017) (citing *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 750–51 (9th Cir. 2009)); *see also LaPine v. Savoie*, No. 2:14-CV-145, 2014 WL 5460825, at *7 (W.D. Mich. Oct. 27, 2014) ("[P]rosecuting Plaintiff for violations of his probation and making sentencing recommendations are intimately associated with a prosecutor's role as an advocate.").

Here, the complaint's allegations against Judge Binford and Mr. Valeska focus on their denial of his request to participate in a diversion program as an alternative to incarceration. (*See, e.g.*, Doc. # 1, at 9 ("Douglas Valeska and Judge Henry Binford denied [Plaintiff's] participation" in veterans treatment court and

6

other pretrial deferment or diversion programs.); Doc. # 1, at 12 (Judge Binford "agreed to revoke" Plaintiff's probation and sentence him to prison after Mr. Valeska told Judge Binford that other Defendants "were afraid of [Plaintiff]" and protested Plaintiff's entry into a pretrial diversion program.).) These actions about which Plaintiff complains are integral to a judge's sentencing decision and to a prosecutor's role as an advocate and officer of the court in preparation for and in relation to a sentencing proceeding.

Furthermore, Plaintiff's allegations that Judge Binford and Mr. Valeska acted with discriminatory intent does not strip them of immunity. (Doc. # 10, at (*See, e.g.*, Doc. # 1, at 21 (Mr. Valeska and Judge Binford engaged in "discriminatory actions . . . direct[ed] to felony offenders who are disabled veterans and service members.").) The function of sentencing is no less judicial where the judge harbors illicit motives. *See McCullough*, 907 F.3d at 1331 ("A judge enjoys absolute immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority."). Similarly, "as with judicial immunity, allegations of malicious intent do not overcome a prosecutor's absolute immunity." *LaPine*, 2014 WL 5460825, at *7; *see also Elder v. Athens-Clarke Cty., Ga.*, 54 F.3d 694, 695 (11th Cir. 1995) ("If prosecutorial immunity means anything, it means that prosecutors who take on the thankless task of public prosecution . . . [are] not answerable to every person wrongfully prosecuted who can find a lawyer willing to allege that the prosecutor

7

filed charges in bad faith, or for evil motives, or as a conspirator.").

After *de novo* review, the court finds that the Magistrate Judge correctly applied the tests for absolute and prosecutorial immunity and reached the correct result. (Doc. # 10, at 6–8, 10–11.) Accordingly, as the Magistrate Judge concluded, Judge Binford is entitled to absolute judicial immunity for damages liability and that Mr. Valeska similarly is shielded from damages liability based on absolute prosecutorial immunity.

Third and finally, Plaintiff objects that the Magistrate Judge did not allow him to amend his complaint. However, an amendment would be futile because Plaintiff has not demonstrated that there are any facts upon which he could rely to support his claims challenging the legality of the state court's sentencing decision. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (citation and internal quotation marks omitted). The Magistrate Judge did not err in issuing the recommendation without first permitting Plaintiff to amend his complaint.

Based on the foregoing, it is ORDERED as follows:

(1)   Plaintiff's objections (Doc. # 13) are OVERRULED;

(2)   The Recommendation (Doc. # 10) is ADOPTED as modified herein;

(3) Plaintiff's action against Circuit Judge Henry Binford is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii);

(4) Plaintiff's claims for damages against Douglas Valeska and Patrick Jones are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii);

(5) Plaintiff's conspiracy claims against Defendants are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

(6) Plaintiff's claims challenging his probation revocation and the resulting sentence on which he is presently incarcerated are DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims are not properly before the court at this time.

A separate Final Judgment will be entered.

DONE this 14th day of February, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE